UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stergios Roumeliotis,                                         Civil No. 16-1879 WMW/FLN

                Plaintiff,
v.                                                                              **ORDER**

J.B. Hunt Transport, Inc.,

                Defendant.

_____

Jacob Jagdfeld for Plaintiff.
Jerome Feriancek for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 26, 2018, on Defendant's motion to transfer venue (ECF No. 43). For the reasons set forth below, Defendant's motion (ECF No. 43) is **DENIED**.

## I. STATEMENT OF FACTS

Plaintiff Stergios Roumeliotis alleges that on June 23, 2014, as he was riding a bicycle through the intersection of Fifteenth Avenue Southeast and Fifth Street Southeast, in Minneapolis, Minnesota, a commercial tractor-trailer being operated by an employee of Defendant J. B. Hunt Transport, Inc., abruptly lurched in front of him and caused him to crash. ECF No. 1 at 3. Plaintiff claims that the crash was caused by the negligence, carelessness, and unlawful conduct of Defendant and its employee. *Id.*

This matter was originally filed in Hennepin County District Court, in Minneapolis Minnesota, but was removed to the District of Minnesota, pursuant to 28 U.S.C. §§ 1332 and 1446. *Id.* at 1–2. Defendant is a Georgia corporation, with its principle place of business in Arkansas. *Id.* This case has been assigned to the Honorable Wilhemina M. Wright, chambered in St. Paul, Minnesota. *See* ECF No. 3.

## II. CONCLUSION OF LAW

Defendant moves the Court, pursuant to 28 U.S.C. § 1404(a), to transfer venue from Saint Paul, Minnesota, to Duluth, Minnesota. *See* ECF No. 43. According to Defendant, on November 26, 2017, Hernandez Solano was fatally struck by a Sport Utility Vehicle at the intersection of West Seventh Street and Grand Avenue in Saint Paul. ECF No. 45 at 1. Based on the amount of publicity surrounding the Solano accident, the amount of support the Solano family received from the community, and the vilification of the driver in the Solano matter, Defendant believes that venue in Saint Paul risks the likelihood of a biased jury pool, and unfair prejudice to the Defendant. *Id.* at 1–2. Plaintiff opposes Defendant's motion to transfer venue, and asserts that Plaintiff has failed to establish any basis for transferring the case from Saint Paul to Duluth. *See* ECF No. 49. This Court agrees.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In considering a motion to transfer under § 1404(a), the court must consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The court's determination, however, is not limited to these factors but "require[s] a case by case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695. The moving party must "show that the balancing of the . . . factors strongly favors transfer." *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996). Transfer "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982).

"Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Terra Int'l Inc.,* 119 F. 3d at 696–97.

A. **Convenience of the parties**

"In evaluating the convenience of the parties, courts may consider the location of the two courthouses and the travel expenses that the parties 'would likely incur . . . for airfare, meals, and lodging, and losses in productivity from time spent away from work.'" *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010) (quoting *In re Apple Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)). "However, it is axiomatic that convenience to [the defendant's] counsel 'is not a factor to be considered in deciding the propriety of transfer." *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999) (quoting *Hoppe v. G.D. Searle & Co.*, 683 F. Supp. 1271, 1276 (D. Minn. 1988)).

In the present case, Plaintiff is a professor at the University of Minnesota, and is currently in California on a two-year contract with Google. ECF No. 49 at 2. Defendant is a corporation headquartered in Arkansas. *See* ECF No. 45 at 5. Defendant argues that any inconvenience to the parties based on venue being in Duluth as opposed to Saint Paul is minimal. *Id.* Plaintiff disagrees, noting that travel to Duluth for out of state parties and witnesses is more expensive as there are fewer flights traveling to Duluth than to the Minneapolis-Saint Paul International Airport. *See* ECF No. 49 at 10. Because Defendant has not offered any reason that it would be more convenient for it to litigate in Duluth, and because Plaintiff has made a good showing that travel to Duluth would be *more* expensive, the Court finds that the first factor, the convenience of the parties, weighs in favor of not transferring.

**B. Convenience of the Witnesses**

In analyzing the convenience of the witnesses, relevant considerations "include the number of essential non-party witnesses, their location and the preference of courts for live testimony as opposed to depositions." *Graff v. Qwest Commc'n Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). "In determining this factor, the court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Id.* at 1122. Here, Plaintiff argues that transferring venue to Duluth would inconvenience the one key independent witness, Matthew Carlson, who lives in Minneapolis. ECF No. 49 at 10. Additionally, Plaintiff argues that the University of Minnesota Police Officer who investigated the incident would also be inconvenienced if the matter was transferred to Duluth. *Id*. While Defendant does not dispute that Mr. Carlson would be inconvenienced by having to travel to Duluth, it states that the "two-and-a-half-hour drive should not be an insurmountable distance, and there is no present indication that this witness intend[s] to appear live for the trial." ECF No. 45 at 5. Based on the preference for live testimony, and the location of the key witness in this matter, it is clear that Saint Paul would more convenient than Duluth for the witnesses. Therefore, this factor also weighs against transfer.

**C. Interests of Justice**

Lastly, this Court must evaluate the venue that will best promote the interests of justice. *See Graff*, 33 F. Supp. 2d at 1122. Factors courts generally consider in evaluating the interests of justice are: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l Inc.*, 119 F.3d at 696.

Defendant asserts that because it removed the matter to federal court, Plaintiff did not choose the forum, and having the case heard in Duluth would not interfere with Plaintiff's choice of forum. ECF No. 45 at 6. Further, while the cost of litigating this matter in Duluth would increase minimally, this is outweighed by the interest of Defendant having a fair trial and an impartial jury. *Id.* Defendant believes that due to the "sympathetic climate for bicyclists in Saint Paul," allowing the case to move forward in Saint Paul would unfairly prejudice the Defendant and risk its ability to impanel an impartial jury. *See id.* at 6–8. Plaintiff counters that transferring the trial to Duluth would impede judicial economy, as Judge Wright would need to travel to Duluth to try the case. ECF No. 49 at 11.

There is no evidence that Saint Paul is more sympathetic to bicyclists than Duluth. Further, judicial economy, and the comparative costs to the parties to litigate in each forum favor not transferring this case. Therefore, because Defendant has not shown that any of the factors weigh in favor of transferring venue to Duluth, Defendant's motion to transfer is denied.

### III. ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to transfer venue (ECF No. 43) is **DENIED**.

DATED: April 26, 2018                    *s/Franklin L. Noel*
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge